USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1484 MSM INDUSTRIES, INC., ET AL., Plaintiffs - Appellants, v. ZURICH INSURANCE COMPANY, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy Gertner, U.S. District Judge] ___________________ [Hon. Zachary R. Karol, U.S. Magistrate Judge] _____________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge.  _____________ _____________________ Jordan Lewis Ring, with whom Philipp G. Grefe, David R. __________________ _________________ ________ Jackowitz and Ring & Grefe, P.C. were on brief for appellants. _________ __________________ Frederick W. Stein, with whom Laurence H. Reece, Jeffrey ___________________ __________________ _______ Levy, Heidlage & Reece, P.C., Steven D. Pearson and Bates Meckler ____ ______________________ _________________ _____________ Bulger & Tilson were on brief for appellee. _______________ ____________________ September 18, 1997 ____________________ Per Curiam. After a full review of the record, briefs, Per Curiam. __________ and arguments of counsel, we are satisfied that the matter was properly resolved by the district court. The doctrine of collateral estoppel or issue preclusion made the earlier Massachusetts state court determination against appellants binding in the present federal court action. See 28 U.S.C.  ___ 1738. Massachusetts may follow the Restatement of Judgments,  _________________________ 28(5)(c) (1982), in recognizing a limited exception where the party opposing collateral estoppel makes a clear and convincing showing that it was deprived of the opportunity to obtain a full and fair adjudication in the earlier case, but no such showing was made by the appellants in this case. Accordingly, we do not reach appellants' other claims of error which, as both sides agree, are of no importance once collateral estoppel is found to apply. Affirmed. Affirmed. ________ -2-